

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# USA v. Gomez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3826

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gomez" (2006). *2006 Decisions.* Paper 1726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3826
_____

UNITED STATES OF AMERICA

v.

ROBERTO GOMEZ,
a/k/a LUIS RUIZ

Roberto Gomez,

Appellant

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 04-cr-00232
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1 on January 13, 2006

Before: ROTH, FUENTES, and ROSENN, Circuit Judges

(Filed January 24, 2006)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Roberto Gomez appeals his sentence based on a violation of 8 U.S.C.

1326(a) and (b)(2) for illegal reentry into the United States.  He was sentenced to 57

months imprisonment and a 36-month term of supervised release. Because the District Court both incorrectly calculated the sentence enhancements under the guidelines and applied the guidelines as mandatory, we remand for resentencing. The Government agrees.

Gomez was arrested in 1997 for possession of heroin with intent to distribute, and in 1998 became a cooperating witness in a drug investigation. In 1999, he pled guilty to possession of heroin with intent to distribute, perjury, and false representation of United States citizenship, but was given a downward departure in sentencing due to his help providing information leading to the arrest of a major drug trafficker and his subsequent grant jury testimony. He received one sentence of 18 months imprisonment for the three charges. After his release from prison, he was deported to the Dominican Republic.

Gomez asserts that once in the Dominican Republic, he and his family received death threats in retaliation for his cooperation with the government. He states that he illegally reentered the United States to escape the threats. He was arrested in March of 2004, and in September of 2004 he was sentenced to 57 months imprisonment and 36 months of supervised release for illegal reentry to the United States after deportation under U.S.C. § 1326(a) and (b)(2).

Gomez asserts, and the Government agrees, that the District Court applied the Sentencing Guidelines as mandatory. Gomez objected to the mandatory application

of the Guidelines at sentencing. In view of the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the Sentencing Guidelines should be treated as advisory. Given that the District Court applied the minimum sentence possible under the guidelines and the alleged circumstances of the reentry, Gomez may have received a lighter sentence if the Guidelines were taken as simply advisory. We therefore remand for resentencing under *Booker*.

In determining the defendant's criminal history under the Sentencing Guidelines, the District Court added three points for his conviction for possession with intent to distribute and three points for the perjury and false representation of U.S. citizenship conviction. Under the Sentencing Guidelines, however, three points are to be assigned for "each prior sentence of imprisonment exceeding one year and one month" and a "prior sentence" is defined as "any sentence previously imposed upon an adjudication of guilt." U.S.S.G. § 4A1.1(a) & 4A1.2(a)(1). Because the convictions were consolidated for sentencing, and Gomez received a single 18-month sentence for all three charges, he should have only received three criminal history points for the sentence.

Although Gomez did not object to the District Court's computation of his criminal history under the Guidelines, we anticipate the District Court will correct this error in determining the advisory Guideline range upon remand.

For the foregoing reasons, the District Court's sentence will be vacated and the case remanded for resentencing.

3